# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STREAMLINE PRODUCTION ) | |
| GROUP, LLC, ) | |
| ) | Case No: 3:23-bk-02638 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 3:25-ap-90075 |
| ) | |
| v. ) | |
| ) | |
| CRYSTAL TAYLOR SYSTEMS, INC. ) | |
| D/B/A CTS, ) | |
| ) | |
| Defendant. . ) | |

**THE DEADLINE FOR FILING A RESPONSE IS: January 7, 2026
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:
January 21, 2026, at 11:00 a.m., in Courtroom 2
United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee
(Virtual Hearing if Allowed; See Court's Website for Details)**

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **<u>If a response or objection is not filed, the Court may grant the request without a hearing.</u>** Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.usourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of this adversary proceeding. In support of this Motion, the Trustee respectfully represents as follows:

### BACKGROUND

1. On July 25, 2023, Streamline Production Group, LLC (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Eva M. Lemeh was appointed to serve as the Chapter 7 Trustee in this case.

2. The Trustee, through her counsel, reviewed the Debtor's list of transfers within the year prior to the bankruptcy filing and determined that several individuals or entities received potentially preferential transfers prior to the filing of the bankruptcy petition.

3. More specifically, and pertinent to this Motion, the Trustee alleged that CTS received payments in the total amount of $121,826.50 in the ninety (90) day period prior to the Petition Date.

4. On July 21, 2025, the Trustee filed this adversary proceeding (the "AP") against CTS to recover those transfers.

5. CTS filed an answer admitting that it received some transfers within the preference window, but denying that it received as many transfers as the Trustee alleged. It also asserted an ordinary-course and new-value affirmative defense.

6. Through informal discussions, CTS and the Trustee have agreed to compromise and settle this AP, because CTS has demonstrated that it only received approximately $9,000 during the preference period that is subject to avoidance, all other transfers occurring in the ordinary course of the parties' business dealings. Considering that defense's strength, and the cost to continue pursuing this matter, the Trustee believes that the proposed settlement is in the best interest of this estate and is more beneficial to creditors than continuing to litigate this AP.

7. That proposed settlement's terms are:
   a. CTS will pay to the estate $7,500, and the Trustee will dismiss this AP with prejudice, once the attached order is entered, final, and unappealable.
   b. CTS waives the right to file a claim for payment of the $7,500 settlement transfer.
   c. CTS waives any rights to collect from the estate pursuant to its allowed proof of claim.
   d. The Trustee releases CTS from all claims which the Debtor or estate may have against it, or its officers, agents, or employees, at the time of the release.
   e. CTS admits no liability for its conduct or the conduct of its agents or employees.
   f. Nothing in the settlement will, in any way, limit CTS's ability to do business with or for any business owned or operated by the principals or employees of Debtor or which employs employees of Streamline.

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

## RELIEF REQUESTED

10. By the Motion, the Trustee seeks an order approving the settlement and compromise of this adversary proceeding as above.

## APPLICABLE AUTHORITY

11. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See*

*Fishell v. Soltow*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankr. ¶ 9019.03 (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

12. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

   a) the probability of success in litigation;

   b) the difficulty in collecting any judgment that may be obtained;

   c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

   d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-245 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Barton*, 45 B.R. 225, 227 (M.D. Tenn. 1984); *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broad., Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D.

Pa. 1986).

13. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Pa. Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. *Neshaminy Office*, 63 B.R. at 803.

14. Under the circumstances presented here, the Trustee's settlement satisfies the applicable standards.

WHEREFORE, the Trustee respectfully request that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

/s/ Trent Meriwether
Phillip G. Young, Jr.
Justin Campbell
Trent Meriwether
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6000
phillip@thompsonburton.com
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel for the Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the same day as this filing a true and correct copy of the foregoing has been served on all parties of record through this Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

# PROPOSED

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STREAMLINE PRODUCTION | ) | Case No: 3:23-bk-02638 |
| GROUP, LLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| ―――――――――――――――― | ) | |
| | ) | |
| EVA M. LEMEH, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 3:25-ap-90075 |
| | ) | |
| v. | ) | |
| | ) | |
| CRYSTAL TAYLOR SYSTEMS, INC. | ) | |
| D/B/A CTS, | ) | |
| | ) | |
| Defendant.   . | ) | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

This matter having come for hearing on the motion (the "Motion") filed Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of this adversary proceeding (the "AP"); and no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to consummate the following a settlement with the following terms:

   a. CTS will pay to the estate $7,500, and the Trustee will dismiss this AP with prejudice, once the attached order is entered, final, and unappealable.

   b. CTS waives the right to file a claim for payment of the $7,500 settlement transfer.

   c. CTS waives any rights to collect from the estate pursuant to its

allowed proof of claim.

    d. The Trustee releases CTS from all claims which the Debtor or Estate may have against it or its officers, agents, or employees, at the time of the release.

    e. CTS admits no liability for its conducts or the conduct of its agents or employees.

    f. Nothing in this settlement will, in any way, limit CTS's ability to do business with or for any business owned or operated by the principals or employees of Debtor or which employs employees of Streamline.

3. This Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND APPROVED FOR ENTRY BY:

*/s/ Trent Meriwether*
Phillip G. Young, Jr.
Justin Campbell
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Trustee*